IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:21-cv-00894-CCE-LPA

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.

LUCKY'S, LLC, d/b/a LUCKY'S SKATE SHOP & LOUNGE, MICHAEL TARPLEY d/b/a LUCKY'S SKATE SHOP & LOUNGE, and ADDIE YOUNG,

    Defendants.

**ANSWER**

Defendants Lucky's LLC, Michael Tarpley, and Addie Young (hereinafter "Defendants") hereby answer Plaintiff's Complaint as follows:

1. Defendants lack sufficient information or knowledge to respond to the allegations of Paragraph 1 and therefore deny the same.

2. Defendants admit that Lucky's LLC is a limited liability company that conducts business in North Carolina and that operates a business known as Lucky's Luxury Boutique and Lucky's Skate Shop & Lounge, located at 2216 Patterson Street, Greensboro, NC 27407 (collectively, the "Establishment"). Except as admitted, the allegations of Paragraph 2 are denied.

3. Defendants admit that Michael Tarpley is an individual who resides in North Carolina. Defendants admit that at the time of the Program, Mr. Tarpley was an owner of the Establishment with supervisory responsibilities in managing the

Establishment and who derived income from his ownership interest in the Establishment, to the extent that the Establishment generated profits. Except as admitted, the allegations of Paragraph 3 are denied.

4. Defendants admit that Addie Young is an individual who resides in North Carolina. Defendants admit that at the time of the program, Ms. Young was an owner of the Establishment who derived income from her ownership interest in the Establishment, to the extent that the Establishment generated profits. Except as admitted, the allegations of Paragraph 4 are denied.

5. Paragraph 5 does not assert factual allegations, but instead asserts legal conclusions, so no response is required. To the extent that any response is required, Defendants state that they do not challenge subject matter jurisdiction over this action based on the factual allegations asserted in the Complaint.

6. Paragraph 6 does not assert factual allegations, but instead asserts legal conclusions, so no response is required. To the extent that any response is required, Defendants state that they do not challenge the propriety of venue in this Court based on the factual allegations asserted in the Complaint.

7. Defendants reassert their responses to Paragraphs 1 through 6 as if restated herein verbatim.

8. Defendants lack sufficient information or knowledge to respond to the allegations of Paragraph 8 and therefore deny the same.

9. Defendants lack sufficient information or knowledge to respond to the allegations of Paragraph 9 and therefore deny the same.

10. Defendants lack sufficient information or knowledge to respond to the allegations of Paragraph 10 and therefore deny the same.

11. Defendants deny that they made any conscious, intentional, or willful decision not to contract with Plaintiff or not to pay a fee to Plaintiff as alleged in Paragraph 11. Defendants deny any knowledge of any alleged requirement or obligation to enter into any such contract or to pay any such fee, as Defendants believed in good faith that they had paid any requisite payment to broadcast the Program. Defendants lack sufficient information or knowledge to respond to any remaining allegations of Paragraph 12 and therefore deny the same.

12. The allegations of Paragraph 12 are denied.

13. Defendants deny that they made any conscious, intentional, or willful decision to exhibit the Program at the Establishment without the authorization, license, or permission to do so from any entity from whom any authorization, license, or permission was required. Defendants lack sufficient information or knowledge to respond to any remaining allegations of Paragraph 13 and therefore deny the same.

14. The allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are too vague and general for Defendants to provide a meaningful response. Accordingly, Defendants lack sufficient information or knowledge to respond the allegations of Paragraph 15 and therefore deny the same.

16. Defendants reassert their responses to Paragraphs 1 through 15 as if restated herein verbatim.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are denied.

**DEFENDANTS DENY ANY FACTUAL ALLEGATIONS NOT SPECIFICALLY ADMITTED, AND SPECIFICALLY DENY ANY FACTUAL ASSERTIONS CONTAINED IN PLAINTIFF'S PRAYER FOR RELIEF.**

## JURY DEMAND

Defendants request a trial by jury on all issues so triable.

WHEREFORE, Defendants pray the Court for the following relief:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff has and recovers nothing from Defendants;

3. That the costs of this action be taxed against Plaintiff;

4. That there be a trial by jury on all issues of fact; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 4th day of February, 2022.

/s/ Christopher W. Jackson
Christopher W. Jackson
N.C. State Bar No. 42939
ELLIS & WINTERS LLP
300 North Greene Street, Suite 800
Greensboro, North Carolina 27401
Telephone: (336) 217-4193
Facsimile: (336) 217-4198
chris.jackson@elliswinters.com
*Attorney for Defendants*